| 4 | 173 |
|---|---|
| 17 | 704 |
| 19 | 36 |
| 4 | 173 |
| 39 | 519 |

O. J. MARTIN, PLAINTIFF IN ERROR, V. ISAIAH COPPOCK, DEFENDANT IN ERROR.

1. **Practice:** AUTHENTICATION OF DEPOSITIONS. Depositions taken in Illinois by a notary public, certified to under his hand and official seal, may be read in evidence here without further authentication.

2. ———: AMENDMENT OF SUMMONS. The amendment of a summons, made after notice to the defendant by the correction of a mistake in the name of the plaintiff, relates back to the time of service.

ERROR to the district court for Lancaster county. The opinion states the case.

*Philpot & Cantlon*, for plaintiff in error.

I. THE issuance of the summons in this case was not the issuance of a summons in the case of Isaiah Coppock against O. J. Martin. *Gen'l Stat., Sec.* 64, 533. The summons did not give the name of Isaiah Coppock either in the body of it nor in the indorsements thereon, the name *Isaiah* being omitted, and the name *Isaac* being used. A person cannot have two christain names at one and the same time. *Bacon's Abr.*, vol. 7, *p.* 7 (*B.*), 1. *Coke Litt.*, 3. 2 *Roll. Abr.*, 135. Isaiah and Isaac cannot be taken to be the same name, for there is a substantial variance in sound, original, *and common*

use.   7 *Bac., Abr.*, 5, 6.   *Robinson v. Neal*, 5 *Monroe*, 213.

II.   The service of said summons on Martin is not service by virtue of which Isaiah Coppock was authorized to commence the taking of testimony in his said action, under Sec. 373 of the code.

III.   At the time of the taking of depositions by notaries in this case, they were not authorized by the statutes of the state of Illinois to have an official seal. *Statutes of Illinois, Chap.* 75.   *An Act to provide for the appointment, etc., of notaries public, Approved April* 5, 1872, *Sec.* 7.   Therefore having no seal, depositions taken by them must be further authenticated, before they can be read in evidence here.

*Lamb & Billingsley*, for defendant in error.

I.   The depositions could be taken before a notary public, out of the state, by the express terms of our statute, without any regard to the particular authority conferred on notaries by the laws of Illinois.   *Civil Code, Sec.* 375.

II.   When a statute authorizes an act to be performed in another state, by an officer of that state, deriving his authority under its laws, our courts will take judicial notice of the laws of that state in passing upon the validity of his acts, without further proof.   *Vance v. Schuyler*, 1 *Gilman*, 163.   *Secrist v. Green*, 3 *Wallace*, 744.   *Carpenter v. Dexter*, 8 *Id.*, 513.   His own authentication is sufficient unless a contrary rule is prescribed by statute, and this by force of our own statute. *City Bank v. Lumley*, 28 *How. Prac.*, 397.   *Earl v. Hurd*, 5 *Blackf.*, 248.

III.   By the law of Illinois, notaries could and did administer oaths, and did have official seals, and were required to use them in some cases, but whether this was by common law or by statute may not be altogether clear.   *Stout v. Slattery*, 12 *Ill.*, 162.   *Rowley v. Berrian, Id.*, 198.   *Dyer v. Flint*, 21 *Id.*, 80.

MAXWELL, J.

On the tenth day of February, 1872, the defendant in error filed his petition in the district court of Lancaster county against the plaintiff in error, alleging that he was indebted to him in the sum of four hundred and fifty-six dollars and fifty-one cents, with interest from October 1, 1868, for money fraudulently received and appropriated to his own use.   A summons was issued in the name of *Isaac* Coppock and served on Martin, on the 13th day of February, 1872.   On the 26th day of March, after notice to Martin, a motion was made to amend the summons heretofore issued in the action by changing the name *Isaac,* as written in the summons, to *Isaiah,* to correspond with the petition and precipe, which motion was sustained.   On the 29th day of April, 1872, the plaintiff in error filed a motion to strike certain redundant matter from the petition.   No action appears to have been had on the motion, and on the 2d day of May, 1872, Martin filed his answer denying the allegations of the petition.   The case was tried at the October term, 1872, for Lancaster county, and Coppock recovered the amount claimed in his petition.   The cause is now brought to this court by petition in error.   The errors assigned are as follows:

*First.*   That the court erred in admitting the depositions of Isaiah Coppock, William Coppock, A. B. Powell, Josiah Hurty, and James A. Eads.

*Second.* That the court erred in not sustaining the exceptions to said depositions.

*Third.* That the court erred in overruling the motion for a new trial.

On the 28th day of October, 1872, Martin filed exceptions to the depositions of Isaiah Coppock and William Coppock.

*First.* Because the official character of the notary before whom they were taken was not properly proved.

*Second.* Because the plaintiff in the court below commenced taking the same before service of summons was had on the defendant.

The same exceptions were filed to the depositions of Josiah Hurty and James Eads.

The notice to take depositions was served on Martin on the 23d day of March, 1872, and the depositions appear to have been taken on the second day of April, 1872. To sustain his exceptions, the plaintiff in error read in evidence, chapter 75 of the Statutes of Illinois, in relation to the powers and duties of notaries public. Also an act of the legislature of Illinois, approved April 5, 1872, in which it is provided that "each notary public hereafter appointed shall, upon entering upon the duties of his office, provide himself with a proper official seal, with which he shall authenticate his official acts, upon which shall be engraved the words "Notarial Seal" and the name of the county in which he resides."

Section 384 of the code of civil procedure provides that "depositions taken pursuant to this title by any judicial or other officer herein authorized to take depositions having a seal, whether resident in this state or elsewhere, shall be admitted in evidence upon the certificate and signature of such officer under the seal of the court of which he is an officer, or his official seal, and no other or further act of authentication shall be required."

The certificate to the deposition of William Coppock

Martin v. Coppock.

and Isaiah Coppock, concludes as follows: "In testimony whereof I have hereunto set my hand and official seal this third day of April, 1872.

GEORGE A. DICE,

{ George A. Dice,
    Notary,
  Vermillion Co.,
    Illinois. }

N. P."

The certificate to the depositions of Alexander B. Powell, Josiah Hurty and James A. Eads concludes as follows:

"In testimony whereof I have hereunto set my hand and notarial seal this 8th day of April, 1872.

JOSEPH E. DYERS,

{ J. E. Dyers,
    Notary
    Public,
  Paris, Ill. }

Notary Public."

It is every where held that it is a sufficient authentication of a protest made in a foreign country or state that it purports to be and apparently is under the seal of a notary. 1 *Parson Bills*, 634, *note p. and cases cited.* 1 *Bouvier Dic.*, 503.

We cannot presume from the evidence offered that the law of Illinois did not require the use of a seal at the time these depositions were taken. The authentication was clearly sufficient and the exceptions thereto properly overruled.

As to the point that notice to take depositions was given before the service of summons, it is sufficient to say that service of summons was made upon Martin on the thirteenth day of February, 1872, and notice to take depositions was served on him March 23, 1872, that depositions would be taken on the second day of April. The mistake in the name of Coppock could not have misled Martin, but when the amendment to the summons has

was made it related back to the time of service. The defense in this case is purely technical. The case as presented by the bill of exceptions shows the defendant in the court below to be indebted to Coppock for the full amount claimed in the petition, and we see no error of which he has any cause to complain. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE GANTT, concurred. LAKE, Ch. J., having tried the cause in the court below did not sit.