---

## SAME v. SAME.

Constitutional Law. Under the constitution of 1875, a party may as a *right* have a cause reviewed either by appeal or on error in the court of last resort, and the legislature has no authority to impose a penalty of five per cent upon the affirmance of the judgment.

MOTION to correct judgments in preceding two cases.

*T. D. Cobbey*, for the motion.

BY THE COURT.

The judgment of the court below was affirmed in each of these cases, and the attorney for the defendant in error now moves for judgment for five per cent in addition to the amount due the defendant in error, in accordance with Sec. 596 of the code, which provides that, " when a judgment or final order is affirmed in the supreme court, the court shall also render judgment against the plaintiff in error for five per cent upon the amount due from him to the defendant in error, unless the court shall enter upon its minutes that there was reasonable ground for the proceedings in error."

The proper construction of this section was before this court in *Martin v. Coppock*, 4 Neb., 173, and it was held that the penalty would be imposed only in cases where it was clear that they were brought into this court for the sole purpose of delay. That decision was announced from the bench, but was not reduced to writing. The rule then established, however, has been steadily adhered to. Whether at the present time the penalty can be imposed in any case may be questioned.

When the statute in question was passed, and up to the time the constitution of 1875 took effect, a petition in error could be filed only by leave of the supreme court or a judge thereof. General Statutes, page 628.

Section 24 of Art. I. of the constitution of 1875 provides that, " the right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied."

It will be seen that under the former statute the right of review could not be claimed as a right, and even if granted as a favor and resulted in the affirmance of the judgment, the court was required to impose a penalty of five per cent upon the unsuccessful party, unless the case was within the exception named. The constitutional convention of 1875, believing that the ends of justice would be best subserved by enabling either party to a judgment who felt aggrieved thereby to have the case reviewed in the court of last resort, inserted the provision in question in the constitution. This privilege is conferred as a right; and while the unsuccessful party may, and in most cases will, be taxed with the costs of the appellate proceedings, yet it is not the policy of the law to, in effect, declare that a wrong, by the imposition of a penalty, which the fundamental law confers as a right. The motion must therefore be overruled.

MOTION OVERRULED.