Garneau v. Omaha Printing Co.

Joseph Garneau, Jr., v. Omaha Printing Company.

Filed December 4, 1894.   No. 6798.

1. **Error Proceedings:** Failure to File Transcript: Juris-
   diction.   A transcript of the proceedings containing the final
   judgment sought to be reviewed must be filed with the petition
   in error, and prior to the issuing of the summons in error, in
   order to confer jurisdiction upon the supreme court.

2. **Dismissal:** Jurisdiction.   Where this court has not acquired
   jurisdiction of a cause, the only judgment which can be rendered
   is one dismissing the proceeding.

Motion to dismiss from the supreme court a proceeding
in error from the district court of Douglas county, affirm
the judgments alleged to be erroneous, and, under section
596 of the Code, assess against the plaintiff in error five
per cent of the amount due from him.   The grounds
of the motion were that the plaintiff in error brought the
case to the supreme court for the purpose of delay, and
failed to file transcript and briefs.   *Proceeding in error
dismissed.*

*Chas. Offutt* and *Charles S. Lobingier,* for the motion:

This proceeding presents no question of law or fact upon
which this court could pass, and hence the petition in error
should be dismissed (*Upton v. Cady,* 38 Neb., 209), and an
affirmance of the judgment below should follow as of course
(*Dunterman v. Storey,* 40 Neb., 448).

In dismissing the attempted proceeding in error the court
should also assess the five per cent damages provided for by
section 596 of the Code of Civil Procedure, (1) because the
facts clearly show that the proceeding was a dilatory one,
since plaintiff in error took but the one step which was nec-
essary to stay the judgment, and made no effort to have the
cause reviewed on its merits; (2) because section 596 of the

Code is a wise and beneficial statute, the advantages of whose provisions belong to litigants who have been unwarrantably deprived of the fruits of litigation; and (3) because this court, as a matter of self-protection, should enforce the provisions of the statute in order to discourage dilatory proceedings and the flooding of its docket with appeals having no merit.

In *Moore v. Herron*, 17 Neb., 703, this court did not decide that section 596 was unconstitutional. It merely refused in that particular case to enforce the provisions of the statute, and the general question as to its validity is expressly left open. Moreover, the reason given for failing to enforce the statute in that case was unsound. Section 596 does not deny or interfere with the right of appeal. It rather promotes it by restricting it to its legitimate scope as a proceeding to have cases reviewed upon their merits rather than one for the delay of litigation. The statute is much more in harmony with section 13 of the bill of rights than it could possibly be contrary to section 24 of the same.

The statute is not peculiar to Nebraska, but is enforced in other states having similar constitutional provisions. (*Citizens Bank v. Crouch*, 53 N. W. Rep. [S. Dak.], 862.)

*J. W. West*, contra.

NORVAL, C. J.

On the 5th day of March, 1894, the plaintiff in error filed in this court a petition in error to obtain a reversal of two judgments recovered against him in the court below by the defendant in error on the 24th day of March, 1894. The cause is submitted upon the motion of the defendant in error to dismiss this proceeding and affirm the cases and render a judgment against the plaintiff in error for five per cent upon the amount of the judgments as provided by section 596 of the Code of Civil Procedure. The grounds

of the motion are two: (1.) Plaintiff in error has failed to perfect the appeal or to file any briefs herein. (2.) The causes were brought to this court solely for delay. The plaintiff in error caused to be filed with the clerk of this court a petition in error, upon which a summons in error was issued and service thereof has been accepted. He has taken no other or further step in the case. No transcript of the judgments and proceedings sought to be reviewed has ever been filed in this court.     •

Section 586 of the Code of Civil Procedure provides: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified." It is clear, under the foregoing provision, that a cause cannot be docketed in this court either on appeal or error until a transcript of the proceedings in the trial court is filed. The transcript of the record is the foundation of the proceeding here, and until the same is filed this court acquires no jurisdiction to hear and determine the cause. Until then there is no case to review. The statute requires that it shall be filed with the petition in error. This was distinctly held in *City of Brownville v. Middleton*, 1 Neb., 10. In *Ward v. Urmson*, 40 Neb., 695, the petition in error was dismissed on the ground that the transcript filed did not contain the final decree rendered in the district court, although it contained the notes or minutes entered by the trial judge upon his docket for the guidance of the clerk in preparing the decree. The case under consideration is much stronger than the precedent cited, since neither the pleading nor the judgments are before us. For want of jurisdiction the petition in error must be dismissed. (See *Baker v. Kloster*, 41 Neb., 890.)

By section 596 of the Code of Civil Procedure it is provided: "When a judgment or final order shall be affirmed in the supreme court, the said court shall also render judgment against the plaintiff in error for five per cent upon

58

the amount due from him to the defendant in error, unless the court shall enter upon its minutes that there was reasonable ground for the proceedings in error." In *Moore v. Herron*, 17 Neb., 703, the section quoted was held unconstitutional. We are asked to consider the question anew, and overrule our former decision. This we cannot now do; nor can we enter upon a discussion of the subject, since the supreme court has no jurisdiction to pronounce any judgment in this cause other than one of dismissal. The petition in error is

DISMISSED.