WILLIAM COBURN ET AL. v. JOHN L. WATSON.

FILED MAY 6, 1896.   No. 6511.

1. **Conversion: RETURN OF GOODS: MITIGATION OF DAMAGES.** An owner or party entitled to goods which have been converted who subsequently has them, or a portion thereof, returned to him or receives a portion of the proceeds of a sale of the goods or some of them, is not thereby barred of his rights of action for the original wrongful taking but proof of such facts, or either of them, will be available in mitigation of damages.

2. ———: **DEFENSES.** The fact that property has been taken from a

party who converted it, under or by virtue of legal process, or in any manner, presents no defense to an action against him by the owner or person entitled to it, for its conversion, unless it further be shown that such owner or person entitled to the property has. received it or the proceeds of any sale which may have been made of it.

3. ———: MEASURE OF DAMAGES. The measure of damages in an action of conversion, by the mortgagee of personal property, against the sheriff or other officer who has levied and taken the property by virtue of the process issued in favor of creditors of the mortgagor,. is the actual market value of the property when converted, with interest thereon from such time, deducting therefrom the market value of any of the property afterwards returned to the mortgagee or which he has received, or the proceeds of any of the property of which he has received the advantage, and not in any event to exceed the amount due on the mortgage debt.

4. ———. As to the conclusions stated in the three foregoing paragraphs, the decision on the former hearing of this case reported in. 35 Neb., 492, approved and followed.

5. **Law of the Case:** INFERIOR COURTS: REVIEW. The determinations of questions presented to this court in its review of the proceedings. of an inferior tribunal become the law of the case, and, ordinarily, will not be re-examined in a subsequent review of the proceedings of the inferior tribunal on a second trial or hearing of the cause.

6. **Review:** ASSIGNMENTS OF ERROR. In order to present for review the rulings of a trial judge in excluding testimony the particular rulings complained of must be referred to in the petition in error.

7. **Conversion:** SALE OF GOODS: PROCEEDS: EVIDENCE. *Held,* That there was no evidence from which it can be determined whether the mortgagee had received the benefit or should be charged with the proceeds of certain property sold by a receiver and for the conversion of which the mortgagee was in this action asking a recovery.

8. **Constitutional Law:** RIGHT OF APPEAL: AFFIRMANCE: PENALTY. "Under the constitution of 1875, a party may, as a right, have a cause reviewed either by appeal or on error, in the court of last resort, and the legislature has no authority to impose a penalty of five per cent upon the affirmance of the judgment." *Moore v. Herron,* 17 Neb., 703, followed.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*B. G. Burbank,* for plaintiffs in error.

*E. R. Duffie, contra.*

HARRISON, J.

This action was commenced in the district court of Douglas county by John L. Watson on the bond of William Coburn, as sheriff of Douglas county, against William Coburn as principal and the other defendants as his sureties. The alleged cause of action was the conversion of a stock of furniture and musical instruments. A trial of the issues resulted in a verdict and judgment in favor of Watson, from which both parties prosecuted error proceedings to this court. The former judgment was by this court reversed and the cause remanded to the district court. (For the former decision see 35 Neb., 492.) In the district court, in a second trial, Watson was successful and received a verdict and judgment, and the case is presented here by the other parties for review of the proceedings during the second trial.

It appears that a corporation named the New York Storage & Loan Company was, or had previous to February 28, 1888, been engaged, in business in the city of Omaha, and was the owner of the property the alleged conversion of which was the basis of this action, and on the day just stated the corporation, being indebted to John L. Watson for money borrowed by it of him, executed and delivered to him a chattel mortgage covering its stock of furniture and musical instruments, etc., to secure the payment of the debt. Watson then took possession of the goods and conducted the business, and was, under and by virtue of his lien, in possession of the stock on April 24 of the same year. During the afternoon of the last mentioned date, Coburn, as sheriff, levied an execution in favor of W. L. Hall, and against the New York Storage & Loan Company, on the stock and took possession of it, and subsequently levied a writ of attachment in an action wherein Dell R. Edwards was plaintiff and the corporation defendant. George C. Wheeler, who was president of the New York Storage & Loan Company, it appears also did business under the style of New

York Music Company, New York Storage Company, New York Piano Company, G. C. Wheeler, and G. C. Wheeler, manager. After the levy of the writ of attachment in favor of Dell R. Edwards, she brought suit against W. L. Hall and the New York Storage & Loan Company, the object being to enjoin the collection of the judgment in favor of Hall and to have it declared void. Afterwards she instituted another action, against John L. Watson, W. L. Hall, the New York Piano Company, the New York Music Company, the New York Storage & Loan Company, G. C. Wheeler, manager, and others, in which she pleaded that the mortgage to Watson was fraudulent and void, and prayed that it be so declared by the court, and further prayed for an accounting by all the defendants and the appointment of a receiver to take charge of the property of the New York Storage & Loan Company and sell or dispose of it. A consolidation of these suits was had. Watson filed an answer in the action after the consolidation of the several suits, declaring on his mortgage and asserting his lien upon the stock of goods by virtue thereof, and stating his possession at the date of the levies of execution and attachment by the sheriff. The court appointed a receiver and ordered the sheriff to deliver to the receiver such of the goods as then remained in his possession and had not been taken from him under process, which the sheriff did, and the goods were sold by the receiver and the sale was confirmed. After issues were joined in the consolidation, the cause was referred to A. S. Churchill, Esq., who was to take the testimony and report to the court his findings both of fact and law. It was determined and reported by the referee that the mortgage to Watson was valid and made in good faith and for a sufficient consideration; that Watson had taken possession of the stock of goods under it and was in possession when the sheriff took possession under the writs; that such mortgage was the prior and superior lien and Watson entitled to its enforcement, and to subject to its payment the entire stock of goods seized under

the writs; that the sum due on the mortgage was $4,493.62. The referee further determined the W. L. Hall judgment to be fraudulent and void, from which he further concluded that neither Hall nor the sheriff derived any right or title to the property seized under the writ issued on such judgment, and that Dell R. Edwards did not have any cause of action against the New York Storage & Loan Company and hence no right to the attachment, and the levy thereof was set aside and held of none effect. The report of the referee was, on motion on behalf of Watson, confirmed. The present case was brought by Watson two days previous to the appointment of the receiver in the consolidation of actions.

One of the contentions of plaintiffs in error herein, both in pleading and in argument, was and is that by the proceedings and determination in the case in which the receiver was appointed, all matters in issue in the present case were fully adjudicated and determined, and such adjudication constitutes a bar to this action. Counsel for plaintiffs in error outlines the questions which he desires to urge in his brief as follows:

"When an officer levies on a stock of goods in the possession of the mortgagee, at the instance of a creditor of the mortgagor, and, shortly thereafter, a receiver of the property of the mortgagor is appointed on the application of certain of the creditors of the mortgagor, in which action the mortgagee is a party, and the sheriff is ordered by the court to surrender the goods to the receiver, which he does, and said receiver sells those goods, which sale is confirmed by the court, and the mortgagee's lien is held to be a first lien on said goods and he is entitled to the money received from said sale. *Quære:* Under such circumstances, is the officer liable as and for a conversion of said stock of goods?

"2. When certain of the goods contained in the mortgage and levy are held by the mortgagor on commission, and after the levy the mortgagee releases said goods from his mortgage, and the officer from his levy. *Quære:* Is

it error of the court to refuse to allow evidence to show that fact for the purpose of showing that those goods were not converted?

"3. Did the mortgagee, having a judgment for certain costs, and permitting those costs to be paid out of the sale by the receiver, estop himself from claiming from the officer and his sureties on his bond the money so paid out?

"4. Was the judgment according to the weight of the evidence?"

The first of these questions, in all its bearings on the issues in the present case, was considered on the former hearing in this court, and it was said in reference thereto by NORVAL, J., who wrote the opinion: "The first question we will consider is as to the sufficiency of this defense. It is a rule, sustained by judicial decisions in this country, that where one's goods are converted by another, the owner may sue for their value, or recover the property, but he cannot pursue both remedies. It is equally well settled that the subsequent recovery or return of the property does not extinguish the owner's right of action against the wrong-doer for the conversion, but only goes in mitigation of damages. (*Gibbs v. Chase*, 10 Mass., 125; *Brady v. Whitney*, 24 Mich., 154; *Western Land & Cattle Co. v. Hall*, 33 Fed. Rep., 236.) Where goods that have been converted are returned to and accepted by the owner, the measure of damages is the market value at the time of the original wrongful taking, less the market value at the time the same are returned. (*Irish v. Cloyes*, 8 Vt., 30; *Lucas v. Trumbull*, 15 Gray [Mass.], 306.) Testing the effect of the adjudication in the receiver case by these principles, Watson is not estopped from prosecuting his action for the conversion of the property. It is true Watson, in the case in which the receiver was appointed, in his answer and cross-petition filed therein, claimed a lien upon the property by virtue of his mortgage and asked that the mortgage be foreclosed. The property had already been sold by the receiver appointed at the request of Edwards. Watson could not recover the prop-

erty, so he sought to recover the money arising from the
sale. The adjudication was in his favor. He is entitled
to  *  *  *  the net proceeds of the sale of the goods
which had been turned over to the clerk of the court by
the receiver. To that amount only his claim against the
officer for the conversion was satisfied. Any other rule
would not make him whole. Where property is con-
verted, just compensation to the owner is the rule. We
are unable to perceive how the receipt of the proceeds
differs from a return of the property, or the proceeds
thereof, to the owner. Such payment is proper to be
given in evidence only in mitigation of damages. Prior
to the appointment of the receiver, Watson elected to
treat the levies as a conversion of the property by bring-
ing this action to recover the value of the goods. In our
views the adjudication of his rights in the suit referred to
does not preclude him from maintaining this action.
*  *  *  It requires no argument or citation of authori-
ties to show that in an action for conversion of personal
property the defendant cannot defeat the action by show-
ing that the property, or a part thereof, has been taken
from him by third parties, by legal process or otherwise,
unless the original owner has received the goods or had
the benefit of the proceeds thereof. If all or a portion of
the goods converted are returned to the owner, or he re-
ceives the proceeds of the same, the wrong-doer may
prove such facts, not as a complete defense, but in mitiga-
tion of damages. The fact that a portion of the goods
covered by plaintiff's mortgage was replevied from the
sheriff, and others were turned over to the receiver, would
not alone be a defense to the suit, but would be so to the
extent that it was shown that Watson has had, or could
have, the benefit of such property." We have been fur-
nished with no sufficient reasons for changing what was
then expressed on this branch of the cause. As then
stated, it became the law of the case, to which we will
now adhere.

In regard to the alleged error of the court raised in the

second question, in refusing to admit certain testimony, the only assignment of error which can be said to refer in any manner to this question is as follows: "The court erred in excluding certain evidence offered by the plaintiffs in error, to the excluding of which the plaintiffs in error then and there excepted." This assignment does not challenge attention to any particular ruling of the court, does not specifically assign any particular ruling for error, and, as has been frequently held, is not sufficiently definite for consideration. (*Edney v. Baum*, 44 Neb., 294; *Smith v. Mason*, 44 Neb., 610.)

It is argued that the stock of goods was sold by the receiver for the total sum of $1,950, and that it was adjudged in the action in which the receiver was appointed that Watson should recover only three-fourths "of the costs by him expended in this action, and to recover from Edwards one-fourth and from Hall one-half;" that the evidence disclosed but $277 in the hands of the clerk of the court remaining of the amount realized by the receiver from the sale of the goods; that Watson should have been paid the whole sum, but suffered it to be paid out for costs, and it should be deducted in this case from the amount to be otherwise allowed him, or at least the one-fourth, as he was charged or was to pay one-fourth of his costs. In this connection it is argued that the trial judge erred in excluding from the testimony the receiver's report of a sale or offers to purchase the stock of goods and an order of the court confirming the sale. As we have hereinbefore said, the only assignment of error in respect to the exclusion of evidence was general, and not specific enough to present the question of the exclusion of any particular portion of testimony offered and refused; hence the error, if any, in excluding the report and order alluded to is not presented here in such manner as to be entitled to be considered. There is no evidence in the record before us of the amount for which the receiver sold the stock of goods, and if the report offered had been admitted, it would only have shown the amount for which

the stock was sold, and as there was no evidence of the amount of costs, for what they were taxed, in what branch of the case, or against whom, or what amount of money derived from the sale was paid out as costs, or how applied, we cannot say whether or not counsel for plaintiffs in error is supported in his argument in relation to the amount received from the sale of the goods and how it was applied, and how it should have been.   This being true, the argument must fail.   This also disposes of the objections urged to certain of the instructions given by the court on this same branch of the case, as such objections were predicated upon the reasoning in regard to the amount realized from the sale of the goods and its application, which we have just determined to be without force herein.

The only remaining assignment of error argued in the brief of counsel for plaintiff in error is that the verdict was not sustained by the evidence.   Under this it is contended that the value of the stock of goods fixed by the jury, $3,000, was not supported by the evidence.   The testimony on the subject of the value of the stock of goods was conflicting, but it would have sustained a finding of a much larger value than the one adopted by the jury, and would also have warranted a smaller; but, in view of all the facts and circumstances in evidence in regard to the stock of goods and its value, we conclude that the verdict of the jury in this particular is sustained thereby and will not be disturbed.

It is provided in section 596 of the Code of Civil Procedure: "When a judgment or final order shall be affirmed in the supreme court, the said court shall also render judgment against the plaintiff in error for five per cent upon the amount due from him to the defendant in error, unless the court shall enter upon its minutes that there was reasonable grounds for the proceedings in error." It is urged on behalf of defendant in error that this case is one which calls for the application and enforcement of the provision of the statute just quoted.

This section of the Code has been held unconstitutional (*Moore v. Herron*, 17 Neb., 703; *Garneau v. Omaha Printing Co.*, 42 Neb., 847), and we do not deem it best now to re-examine the question. The judgment of the district court is

AFFIRMED.