JEROME BERNHEIMER and Others, Respondents, *v.* HENRY S. HERRMAN and Others, Appellants.

*Payment — the receipt of a check does not operate as a payment unless the check is actually paid in due course.*

In this action, brought to recover for goods sold and delivered by the plaintiffs to the defendants, the latter sought to prove payment by showing the delivery of a check on the Chemical Bank, payable to the order of the National Suspender Company, the name under which the plaintiffs did business, to one Morse, the plaintiffs' bookkeeper, who was in the habit of receiving cash and checks paid at the office and receipting the bills. Morse, without authority, indorsed upon the check the name of the "National Suspender Company,

W. R. Morse, attorney," and passed it to one Cochrane, who deposited it in the North River Bank, by which it was collected of the Chemical Bank, which charged the amount to the account of the defendants and returned the check to them with other vouchers.

*Held,* that the receipt of the check by the plaintiffs' agent did not operate as an extinguishment or payment of the defendants' debt, as the defendants had failed to prove that it had been actually paid in due course; the payment of a check, drawn payable to order and unindorsed to a party who has received the same from a person who has stolen the check, being held not to be a payment in due course.

That a claim that the plaintiffs should have brought an *action for conversion* against either Cochrane, the North River National Bank or the Chemical Bank, or against all three combined, upon the ground that the title to the check passed to the plaintiffs, immediately upon its receipt by their agent, could not be sustained, as if Cochrane, or either of the banks, had converted the check, the defendants were equally guilty of conversion in now retaining it.

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict directed by the court.

This action was brought to recover for goods sold and delivered by the respondents to the appellants. The answer was payment. The alleged payment was made by handing a check, drawn on the Chemical Bank, payable to the order of the National Suspender Company, the name under which the respondents did business, to repondents' bookkeeper, W. R. Morse, who was in the habit of receiving cash and checks paid at the office, and who, on receipt of the said check, receipted the bills for goods due from the appellants to the respondents.

The check was appropriated by Morse to his own use, indorsed by him in the name of the National Suspender Company, W. R. Morse, attorney, which indorsement he had no authority to make, and the check was passed by Morse to one Cochrane, who deposited it in the North River Bank, by which it was collected of the Chemical Bank, which latter bank charged the amount to the account of the appellants and returned the check to the appellants with their other vouchers. The appellants' account was marked paid in the respondents' ledger by Morse, and, although the dealings between the parties continued, none of the statements, subsequently sent to appellants, according to the usual customs of merchants, contained any reference to the goods mentioned in the complaint. Mr. Morse was the bookkeeper, and made the entries in the books, but made no entry of this check

in the cash-book, as cash received, nor upon the check-book, as a check for deposit, as his duties required him to do. In order to balance his books personal accounts were falsified, and on rendering trial balances false additions were resorted to, and thus the frauds were not discovered until seven months had elapsed. Upon the close of the respondents case the appellants moved to dismiss the complaint upon the grounds that the claim in suit had been paid, and that the title to the check having passed to the plaintiffs immediately on its receipt by their agent, their proper remedy was an action for conversion against either Cochrane, the North River National Bank or the Chemical Bank, or against all three combined; and at the close of the case the appellants' attorney asked to go to the jury as to whether the bill was paid, and also as to whom the check was paid to, which motions were denied and a judgment directed for plaintiffs, and from such judgment this appeal is taken.

*Samson Lachman*, for the appellants.

*Francis C. Reed*, for the respondents.

VAN BRUNT, P. J.:

The appellant claims, amongst other things, that the only evidence on the question of the authority of Morse to indorse checks being that of one of the plaintiffs, it was error to refuse to submit the case to the jury.

It is true that where it is necessary to prove a material fact in a case, and the only evidence having a tendency to establish such fact is that of a party interested, that the opposing party has the right to have the question submitted to a jury; but this rule has no application to the case at bar. The appellants claim payment by a check, payable to the order of the Suspender Company, and the burden is upon the appellants to show that the check has been duly indorsed and paid; and the respondents are not bound by the production of a check purporting to have been indorsed by them, unless such indorsement is admitted or proved. It is also a familiar rule of law that, where a party claims to bind a principal by the act of an agent, that the authority of the agent must be proved; therefore, in the case at bar, the check in question pur-

porting to have been indorsed by Morse as attorney for the plaintiffs, the burden was upon the defendants to show his authority

The next questions to be considered are those raised upon the motion to dismiss the complaint. First, that the claim in suit has been paid, and, second, that the plaintiff's proper remedy was an action for conversion against either Cochrane, the North River National Bank or the Chemical Bank, or against all three combined, the title to the check having passed to the plaintiffs immediately on its receipt by their agent. It is somewhat difficult to see why the appellants counsel has omitted the defendants from the last proposition. If Cochrane converted the check, and the North River Bank converted the check, and the Chemical National Bank converted the check, the defendants are equally guilty of conversion in now retaining the check If the check was the plaintiffs' while Cochrane or the North River Bank, or the Chemical National Bank held it, it is equally so now, while the defendants hold the same, and the plaintiffs have no greater rights against the first three named than exist in their favor against the defendants If no title to the check was conferred upon Cochrane and the banks by the unauthorized indorsement, certainly they could trans· fer no title to the check to the defendants.

The claim that the plaintiffs' demand has been paid does not seem to have any better foundation. The giving of a promissory note or check does not extinguish the debt, but an action may be brought for the recovery of the original debt; the party suing being only required to surrender the check or note upon the trial. (*Parrott v. Colby*, 6 Hun, 55; affirmed, 71 N. Y., 597) Therefore, the receipt of the check in question by an agent authorized to receive the same did not operate as an extinguishment or payment of defendants' debt. Even if the check had been received by the plaintiffs, they had a right to return the check and sue upon the original debt.

The defendants having unlawfully become in possession of the check, the plaintiffs are not required to return the same. The appellant seems to claim that as, if this bill had been paid in cash, Morse would have had the right to receive the same, and although Morse might have converted the money to his own use the plaintiffs could not have recovered from the defendant, the same result

follows although the bills in question were attempted to be paid by a check drawn to the order of the plaintiffs and paid to the holder of the check, which was unindorsed by the payee, and to which check the defendants themselves claim the holder had no title.

In support of this proposition is cited the case of *Hunter* v. *Wetsell* (84 N. Y., 549), in which case it is distinctly stated that a check in and of itself is not payment, but it may become so when accepted as such and in *due* course actually paid; that is, in order that a check may operate as payment two things must concur. The check must be accepted as payment, and in *due* course be actually paid. In the case at bar only one of these necessary elements exists. The check in question was accepted as payment, but it has not in *due* course been paid. The payment of a check drawn payable to order, and unindorsed, to a party who has received the same from a person who has stolen the check cannot be held to be payment in *due* course. The case last cited simply recognizes a rule which has been in existence since the origin of commercial paper, and which is fatal to the defendants' contention in the case at bar.

The judgment appealed from must be affirmed, with costs.

BARTLETT and LAWRENCE, JJ., concurred.

Judgment affirmed, with costs.