## TOWN OF DENVER v. DANIEL J. MYERS.

FILED DECEMBER 4, 1901.   No. 10,731.

1. **Road District: NOT A POLITICAL ENTITY OR CORPORATION.** A road district is not a political entity or corporation in which property rights may invest, and which, as such, has corporate powers or capacity to conduct the affairs for which it is created.

2. **Road Overseer:** OFFICER OF TOWNSHIP. A road overseer is not an officer of the district, but of the township in which the road is situated.

3. **Highways:** DUTIES: TOWNSHIP AND COUNTY: POWER AND AUTHOR-ITY. The duties, power and authority relating to public high-ways devolve on the township and county which are by law directly empowered to act regarding such matters.

4. **Road Overseer:** BREACH OF OFFICIAL DUTY: RIGHT OF ACTION. A town or a township in counties under township organization may maintain an action for a breach of official duty by a person holding the office of road overseer.

5. ——: ——: DUTY TO ACCOUNT. It is the duty of a road over-seer to account to the proper officer or officers for all the moneys coming into his hands, the disbursements made, and for what purpose.

6. **Report:** COMPREHENSIVE: INTELLIGIBLE: CORRECTNESS. The law implies that such report shall be sufficiently comprehensive and intelligible that its correctness may be inquired into and passed upon by those whose duty it is to examine and to approve the accounting so made.

7. **Road Overseer:** ACCOUNT: APPROVAL BY BOARD. Before the road overseer is authorized to apply district road funds in his own hands to his own use for time consumed in warning hands, overseeing work, and making his report as provided by section 96, chapter 78, Compiled Statutes 1901, his account therefor must be presented to and approved by the town board.

8. ——: DISBURSEMENT OF FUNDS: RESPONSIBILITY. In the disburse-ment of funds coming into the hands of a road overseer in the repair and improvement of the public highways, he is charged with the responsibility of a faithful discharge of the duties imposed; and if in making such disbursements he pays more than the services or materials are reasonably worth in the mar-ket, and the disbursement is not made in good faith, or is made fraudulently or corruptly, the excess payment will be unauthor-ized, for which he would be liable as for misconduct in office.

9. **Witness:** INSTRUCTION. Where a defendant has been called by and given testimony on behalf of the plaintiff, it is error to instruct the jury "that a party presenting a witness is bound by the testimony of such witness, even though it be unfavorable to his side of the case."

10. **Conflicting Instructions.** Where there are two conflicting instruc-tions which are confusing to the jury and leave them in doubt and uncertainty as to which is correct, the incorrect instruc-tion will be deemed prejudicially erroneous.

ERROR from the district court for Adams county. Tried below before BEALL, J. *Reversed.*

*Tibbets Bros. & Morey,* for plaintiff in error.

*McCreary & Button, contra.*

HOLCOMB, J.

This is a civil action begun on the authority of the town board by the plaintiff, a political subdivision of Adams county, which is governed by the township organization law, against the defendant as road overseer of one of the road districts within the township. The action is founded on the alleged receipt of moneys from the township treasurer by the defendant for use in repairing and improving the public highways over which he was overseer, and for his failure to account for such moneys, or the disbursement thereof. A trial to the court and jury resulted in a verdict and judgment in favor of the defendant, and the plaintiff prosecutes error therefrom in order to obtain a reversal of such judgment.

We are met at the threshold of the inquiry with the objection on the part of the defendant that the petition does not state a cause of action, and therefore in no event can plaintiff obtain any relief. If the objection is well taken, it is useless to proceed further in the consideration of the alleged errors relied on to secure a reversal of the judgment rendered below. The objection, as we understand counsel, is that the road district of which the defendant was the supervisor is a political entity,—a municipal corporation,—authorized to sue and to be sued and to conduct its business as such corporation, and that, upon the payment of the money sought to be recovered by the town treasurer to the road supervisor, the road district became vested with the right to the money so paid, and the township thereby lost all interest therein, or right to maintain an action for an accounting showing the expenditure of

such funds.   The objection, as we view the statute, is un-
sound and untenable.   The road district is not a political
entity or corporation in which property rights may vest,
and which as such has corporate powers or capacity to
conduct the affairs for which it is created.   The county and
townships are divided into road districts merely for the
purpose of the election of road supervisors, and the better
caring for and improving the same by that officer.   A road
overseer is not an officer of the district, but of the township
in which the road district is situated.   This is made mani-
fest by a casual perusal of the different sections of the
statute relating to the subject.   By chapter 18, article 4,
sections 18 and 20, Compiled Statutes, 1901, road over-
seers are, with others, specifically enumerated as township
officers; and they are so recognized in the general laws pro-
viding for their election, qualification, and the duties to be
by them performed.   A road district has no legal existence
as a political subdivision in the sense that it may own or
control property, or manage the corporate affairs relating
to the establishment and improvement of the public high-
ways within its borders, through its officers or agents
chosen for that purpose.   There is no statutory authority
empowering a road district to exercise corporate rights
and powers for any purpose.   The duties, power and au-
thority relating to public highways devolve on the town-
ship and county, which are by law directly empowered to
act regarding such matters.   Section 17 of article 4 of the
chapter mentioned provides what the corporate name of a
town shall be, and that all actions by or against the town
shall be in its corporate name.   Section 62 provides for the
bringing of suits in its corporate name, either at law or in
equity.    Section 43 provides that every person retiring
from a town office is in duty bound required to deliver to
his successor in office all records, books, papers, moneys
and property belonging to such office held by him.   By sec-
tion 96 of chapter 78 it is made the duty of each road over-
seer to make a settlement of his accounts when required by
the town board, showing the amount of money coming into

his hands, and how the same has been expended. From the foregoing it would seem quite clear what the powers, duties and relations of each are, and that in a proper case the township could maintain an action for a breach of official duty by a person holding the office of road overseer. For these reasons the objection to the sufficiency of the petition must fall.

The real controversy between the plaintiff town and the defendant road overseer is over the disbursement of the sum of $150 which was received by the overseer from the township treasurer to be used in the improvement of the public highway in the district of which he was the overseer. A report was filed by the defendant, as road overseer, with the town board, which was considered at two or three meetings of the board and then rejected, and this action was instituted to recover the whole sum received by the defendant. The items of expenditure were of the most general character and gave no very intelligent idea of how the money was applied. Of the $150 received, all but $12 was reported as being paid to the defendant himself or to his son, to the latter·$84. The correctness of the account was controverted because $3 per day for man and team was paid to the son, when it is claimed the value of such services did not exceed $2.50 per day, and the items paid by the defendant to himself were disputed altogether. The defendant, in the performance of his official duties, was acting as the agent or trustee of the township, and he is and should be held accountable for a faithful discharge of the duties he had undertaken by the acceptance of the trust. It was his duty faithfully to account to the proper officer or officers for all the moneys coming into his hands, the disbursements made, and for what purpose, with sufficient certainty that the correctness of the report so made might be examined into and determined; and on his failure to do so an action would lie for the money so received and for which he failed to account. It is his duty, under the statute, to make such report; and it is implied that the report shall be sufficiently comprehensive and intelligible

that its correctness may be inquired into and passed upon by those whose duty it is to examine and approve the accounting so made. It is likewise his duty to account to and hand over to his successor all moneys and property in his hands at the close of his term of office.

In the account of the defendant to the town board is a claim of $8 for four days warning hands, at $2 per day, and $12 for six days in overseeing work on the roads at $2 per day; total, $20. By section 96, chapter 78, it is provided that in the settlements required to be made by the road overseer with the town board, he shall be allowed the same amount as is allowed overseers in their settlements in counties not under township organization, which sum shall be paid out of any money belonging to his district, and if there be not sufficient money belonging to the district he may be paid out of the township road fund, or for any balance due him he may receive from the town board a certificate which may be received in payment for labor tax for any succeeding year. By referring to section 82, governing settlements with overseers in counties not under township organization, it is provided that the overseer shall be allowed $2 per day, including the time necessarily spent in notifying the hands, superintending the work on roads and making out his return, but not to exceed the sum of $30 in any one year.

As we construe these sections, before a road overseer is entitled to take and apply to his own use funds in his possession belonging to the road district, or out of the township road fund, or before receiving a certificate by which he may have his labor tax applied, he is required to submit to the town or county board his claim for services of the kind specified, and for the amount allowed per day, not exceeding the total sum mentioned in any one year and have the same examined and allowed, whereupon he becomes entitled to compensation for such services by one or more of the methods pointed out by the statute. The defendant in the case at bar seems to have rested his defense on his right to perform the services mentioned, and

make his own charges therefor, and take from the funds in his hands for the improvement of the roads the sum so charged, regardless of the approval or disapproval of his account by the town board. This can not be the law, and if allowed to prevail, would be the subject of much abuse if not direct official dishonesty.

It is argued by plaintiff in error that the defendant having admitted the receipt of the money with which he is charged, it was his duty to account for its disbursement in the manner provided by law, and the burden was on him in the action to show disbursement of the entire sum received in the manner provided by law. This is perhaps stating the rule too broadly. He came by the funds rightly, and for any misappropriation or failure to disburse them in the manner provided by law an action would lie, but the burden of proving the cause of action alleged in the petition would not change because of an admission of the receipt of the funds. It was his duty to account for the funds so received, and this duty he could be compelled to perform. He was also charged with a faithful discharge of the duties he assumed when he accepted the office, and if in making disbursements of the funds received by him for the purpose of improving and repairing the public highways, he pays more than the services or materials are reasonably worth in the market and does not act in good faith regarding the matter, or acts fraudulently or corruptly, the excess payment would be unauthorized, and he would be liable as for misconduct in office. In other words, he is held to a faithful and honest conduct of the affairs of his office in the disbursement of funds coming into his hands, as well as in all other respects.

It is also argued that the evidence will not justify a verdict for the defendant which in effect finds that he has lawfully disbursed the funds coming into his hands, and for this reason the verdict is unsupported by and contrary to the evidence. The defendant was called as a witness on behalf of the plaintiff for the purpose of showing where and when the work had been performed and the material

furnished for which the charges were made in his report to the town board, which report was pleaded in his answer and introduced in evidence. On cross-examination the defendant was asked: Q.—"Was the money as appears from that statement paid out by you for work and material in that road district?" A.—"Yes, sir." The statement referred to was the one made to the town board and rejected. This answer, with the statement, is all the evidence showing or tending to show the disbursements made by the defendant of the sum sued for. Without deciding the question of whether the evidence is insufficient to support the verdict of the jury in the way it was submitted to them for their consideration, we pass to an instruction which has a material bearing on the jury's consideration of the evidence before them and must, we think, be condemned because not properly submitting to the jury the questions of fact in the case. The defendant, as stated, was called by the plaintiff, and the evidence just referred to was elicited in cross-examination of the defendant by his counsel.

In the instructions to the jury at the request of the defendant, one was given as follows: "The jury is instructed that a party presenting a witness is bound by the testimony of such witness even though it be unfavorable to his side of the case." Under this instruction, conceding the defendant's testimony to be sufficient to support a finding in his favor, the jury could do nothing but find for him. They had no choice in the matter and were not at liberty to weigh and consider all the facts and circumstances of which there was evidence. The plaintiff, declares the instruction, is bound by the testimony of the defendant, although unfavorable to its theory of the case; that is, the defendant having been called as a witness on behalf of the plaintiff, and having said the money he received was all disbursed as shown by his report, the plaintiff is bound by the statement and precluded from proving its case by other competent evidence. The instruction can not be upheld. It was manifestly prejudicial to the plaintiff, in view of the circumstances under which the evidence was submitted.

As we read brief of counsel for defendant, they do not undertake to defend the instruction. All that is said in its defense is that another instruction correctly stating the law on the same point was given. But this can not obviate the evil contained in the incorrect instruction. The jury, in all probability, gave the erroneous instruction all the weight its language imported. In any event, the two conflicting instructions could at best only confuse the jury, and leave them in doubt and uncertainty as to what was in fact the law regarding the weighing of testimony given under the circumstances. *Farmers' Bank v. Harshman,* 33 Nebr., 445; *Chicago, B. & Q. R. Co. v. Anderson,* 38 Nebr., 112; *Wasson v. Palmer,* 13 Nebr., 376; *Fitzgerald v. Meyer,* 25 Nebr., 77; *Howell v. State,* 61 Nebr., 391. That the instruction quoted is erroneous, see McKelvey, Evidence, p. 327 *et seq.;* 1 Rice, Evidence, pp. 610-613, and authorities cited; *Hunter v. Wetsell,* 84 N. Y., 549; *Babcock v. People,* 13 Colo., 515; *Wallach v. Wylie,* 28 Kan., 138.

The judgment must be reversed and a new trial awarded, which is accordingly done.

REVERSED AND REMANDED.