JOSEPH GORDON, Appellant, v. FRANK J. FARRELL and GREATER NEW YORK BASEBALL ASSOCIATION, Respondents.

First Department, June 20, 1913.

Partnership — suit for accounting — failure to establish existence of partnership.

In a suit for an accounting based upon an alleged contract of partnership between the plaintiff and defendant, involving the formation and equipment of a baseball association, the plaintiff claimed that the alleged contract was oral, and the defendant denied the existence of any contract. The parties were equally interested in the event and equally credible, and there was no writing introduced in evidence for or against the alleged contract.

Held, that there was a failure by the plaintiff to establish the alleged contract, and that the complaint was properly dismissed upon the merits.

APPEAL by the plaintiff, Joseph Gordon, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 19th day of January, 1912, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*William P. Maloney* [*Edmund L. Mooney* with him on the brief], for the appellant.

*Abram I. Elkus* [*Joseph M. Proskauer* with him on the brief], *Frederick Mellor*, attorney, for the respondents.

Judgment affirmed, with costs, on opinion of BISCHOFF, J.

Present — INGRAHAM, P. J., McLAUGHLIN, CLARKE, DOWLING and HOTCHKISS, JJ.

First Department, June, 1913.                    [Vol. 157.

The following is the opinion of BISCHOFF, J.:

BISCHOFF, J.:

The action is for an accounting based upon an alleged contract of partnership or joint venture between the parties, involving the enterprise of forming and equipping the Greater New York Baseball Association for the exhibition of baseball games for profit.   Obviously, therefore, failing of contract the action must fail and the complaint be dismissed.

I am asked to find the fact of the contract in the conflicting testimony of the parties, the plaintiff asserting that it was orally entered into and the defendant being equally emphatic in his denial.   The parties are equally interested in the event of the action and equally credible.   Not a scrap of writing is introduced in evidence for or against the contract as claimed, and so far, therefore, the matter is evenly balanced.   Resort being had to the probabilities, they are found to be against the plaintiff's contention, and the conclusion is reasonably inevitable that he had not discharged his burden of establishing the fact of the contract by a preponderance of the evidence.   That the plaintiff aided the defendant in launching the enterprise is not disputed.   Indeed, the defendant concedes that he owes the plaintiff for the latter's services.   But to say of these facts that they establish a partnership or joint venture is to confound the veriest conjecture with reasonable inference and logic.   The plaintiff was at the time of the making of the alleged contract a builder of experience and a merchant of many years' standing, for some years before he had filled the important office of deputy superintendent of buildings in the city of New York. Is it credible readily, is it likely, that a person of affairs, such as the plaintiff showed himself to be, would enter upon an enterprise with another involving an outlay of upwards of $100,000 without some memorandum at the outset from which the relations and interests of the parties would appear ?   Is it reasonable to believe that during the four years between the time of the making of the alleged contract and the time when the plaintiff's association with the enterprise ceased there would not have been a record of some kind to corroborate the plaintiff's claim of a contract of partnership or joint venture if it was in fact entered into ?   "The interest of a perfectly credible and

innocent witness may and often does color his recollection and mold and modify his statements, sometimes even insensibly to himself," says Judge FINCH in *Hunter* v. *Wetsell* (84 N. Y. 549, 556). Is it not more in harmony with the probabilities that the plaintiff, entertaining a high estimate of the value of his services to the defendant, suffered his recollection to become subservient to his hopes and wishes and so, unconsciously, distorted desultory conversations with the defendant into a positive understanding of a business compact of the kind he contends for ? *Farley* v. *Hill* (150 U. S. 572) was a case similar in its main features to the one at bar. The plaintiff claimed an oral contract of partnership or joint venture. He was corroborated by the testimony of his clerk, one Fisher, and the court affirmed the finding of the trial court against the contract. Justice SHIRAS, writing the opinion, said: " It is argued that as it thus appears that the question of fact as to the existence of such a contract is *in equilibrio* as between Farley and Hill, the testimony of Fisher, Farley's clerk, but who is not a party, should turn the scale; and this might be just reasoning if the question in issue had to be determined upon the testimony of those three witnesses. But, as is pointed out in the opinion of the court below, there is an inherent improbability in the plaintiff's story — not in the assertion that he had become interested with others in the ownership of bonds and in the proposed purchase of the railroads, for such agreements are not unusual, but by reason of the absence of any writing expressing the agreement. A man of affairs as the plaintiff was, would not be likely in a matter of such magnitude to rely upon a merely verbal agreement and, as the transactions occupied a considerable time, we would expect, if such a contract really existed, to find letters or memoranda relating to it; but such are not produced. * * * It is not necessary for us to say, or to think, that Farley and Fisher, in testifying as they did, perpetrated intentional falsehood. It is altogether possible that, from desultory conversations with Kittson and Hill, and from an exaggerated sense of his own importance in the matters in hand Farley was led to believe that he was entitled to participate in the venture. But a court cannot act upon such uncertain conjectures. A contract of the kind asserted by the plaintiff

must be established to the entire satisfaction of a court of equity before its intervention can be demanded."

I am not persuaded by the evidence that any contract of partnership or joint venture was executed between the parties as alleged in the complaint, and, therefore, direct a dismissal of the complaint upon the merits, with costs.

I have indicated upon the proposed findings submitted me disposal of the requests to find. Form of decision and judgment may be presented on notice of settlement.

(Indorsement on back of proposed findings):

All within proposed findings of fact and conclusions of law refused.