THE CENTRAL RAILROAD OF NEW JERSEY, Plaintiff, *v.* HARRY V. BERRY, Defendant.

(Supreme Court, Greene Trial Term, January, 1917.*)

Carriers—of merchandise—bills of lading — actions — lien — judgments.

Where a common carrier accepts goods only for transportation over its own line, each successive carrier becomes the agent of the shipper and invested with the right to claim from him compensation for services rendered.

A carrier which only agreed to transport a car-load of goods over its own line, which was entirely in the state of New York, handed to the agent of the shipper a receipt and took from the shipper a bill of lading which provided *inter alia* that the owner or consignee should pay the freight and all other lawful charges. The consignee upon being notified of the arrival of the goods, at destination in Jersey City, refused to receive them and the shipper upon being notified of such refusal gave the matter no further attention, whereupon plaintiff, the last carrier, stored the goods, and six months later, in a proceeding under a statute of New Jersey, the goods were sold. In an action against the shipper to recover the amount of charges for freight, car service, unloading and storage, less the amount for which the goods were sold, *held*, that though it appeared that defendant, who did not pay the freight in advance, was not at the time of the delivery to the initial carrier the owner of the goods, the title thereto having passed before the signing of the bill of lading, which went into the hands of the shipper's successive agents, it was proper for plaintiff, the last of them, each connecting carrier having a lien upon the goods for unpaid freight, to pay the back charges for transportation to its line and recover the amount together with its own charges from the shipper.

There being apparent lack of proportion between the value of the goods which were sold for fourteen dollars and the charge for storage, the cost of transportation should be added to its value in the hands of the plaintiff, and viewed in this light the conduct of plaintiff in storing the goods as required by the statute of New Jersey may not be condemned, and plaintiff is entitled to judgment for the amount demanded in the complaint.

* Received too late for insertion in proper place.—[REPR.

ACTION to recover amount of charges for freight, car service, unloading and storage.

Amos Van Etten, for plaintiff.

Brinnier & Canfield (William D. Brinnier, of counsel), for defendant.

HASBROUCK, J.   On May 22, 1915, at Kaaterskill, N. Y., the defendant, Harry V. Berry, brought to the Ulster and Delaware Railroad Company a carload of sawdust for shipment to the Nomordust Chemical Company of Jersey City.   The railroad company handed Berry's agent a shipper's receipt and took from Berry, the shipper, a bill of lading.   The carload arrived at West Side avenue, Jersey City, and the consignee was notified thereof.   It refused to receive the sawdust.   Of its refusal the shipper, Berry, was notified.   He, however, paid no attention to the matter.   The railroad held the sawdust on its car, stored it and after six months, proceeding under the terms of the New Jersey statute, advertised the same for sale and sold it for fourteen dollars.   This action is brought to recover two hundred and eighty-three dollars and thirty-eight cents, the amount of the charges for freight, car service, unloading and storage less the fourteen dollars.

The defendant claims that under the terms of the bill of lading the plaintiff seeks payment from the wrong party.

The bill of lading among other things provides:

" § 8. The owner or consignee shall pay the freight and all other lawful charges accruing on said property."

According to the testimony of the defendant's witness the contract was one " to sell." Section 100 of the Personal Property Law reads: " Unless a different intention appears, the following are the rules for

36

ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. * * * "

" Rule 5. If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place * * * the property does not pass until the goods have been delivered to the buyer."

A bill of lading in essential characteristics is a receipt for the thing to be shipped and an agreement to transport, and the agent for the carrier is without authority to sign such contract only when the goods have been received. Hutchinson Carriers, § 122. It is true the allegation of the complaint substantially admitted by the defendant states that it was signed " at the time of delivery." *Hunter* v. *Wetsell,* 84 N. Y. 554. If we understand that to mean when the delivery was made or completed, the title to the goods then passed; if the agreement was " to sell " upon a delivery made to the railroad at Kaaterskill or before that time if the agreement was " of sale " (See Pers. Prop. Law § 100, rule 1), the property in the shipment having passed before the signing of the bill, the defendant was not the owner at the time of delivery.

If ownership at the time of shipment were the test I should have no difficulty in disposing of the demand of the plaintiff for freight and storage charges. The obligation to pay the charges of affreightment, however, under the law, notwithstanding the terms of the bill of lading, is not confined to the owner or consignee.

The basic principle of the transaction is bailment. It is the shipper who is the bailor and he it is who is liable for the compensation to be paid for carriage. *Wooster* v. *Tarr,* 85 Am. Dec. 707; *Blanchard* v. *Page,* 8 Gray (Mass.), 281. But the carriage in the case at bar contemplated successive bailments by the Ulster and Delaware Company, by the West Shore Railroad

Company and by the plaintiff. The relation of the shipper to these carriers is as stated by Mr. Justice Lurton of the United States Supreme Court: " Independently of the Carmack amendment the carrier, when tendered property for such transportation, might elect to contract to carry to destination, in which case it necessarily agreed to do so through the agency of other and independent carriers in the line; or, it might elect to carry safely over its own lines only and then deliver to the next carrier, who would then become the agent of the shipper." *Atlantic Coast Line* v. *Riverside Mills,* 219 U. S. 196. The Ulster and Delaware only agreed to " transport over its own line." Conditions Bill of Lading, § 2. Thus the plaintiff became the agent of the shipper and invested with the right to claim from the shipper compensation for services rendered him. But the shipper did not pay the freight in advance and his goods and bill of lading went into the hands of his successive agents, and it was proper for the last of them, each connecting carrier having a lien upon goods for unpaid freight, to pay the back charges for transportation to its line and recover the amount together with its own charges from the shipper. Moore Carriers, § 25, p. 494.

There remains only the apparent lack of proportion between the value of the sawdust and the charge for storage. The cost of transportation should be added to its value in the hands of the plaintiff. Viewed in this light the conduct of the plaintiff in storing the goods for six months as required by the New Jersey statute may not be condemned. *Brooklyn Eastern D. Terminal* v. *Central R. of New Jersey,* 176 App. Div. 352.

Judgment for plaintiff for amount demanded in the complaint.

Judgment accordingly.