JOSEPH C. MEYERS and SAMUEL BRODIE, Etc., Appellants, v. NATHAN KAUFMAN and Another, Respondents.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Contracts — modification of — sales — appeal — part delivery — evidence — Statute of Frauds — Personal Property Law, § 85.

> Where prior to any modification of a verbal agreement for the purchase of several pieces of goods a partial delivery is made but paid for after the final modification of the contract, which though modified as to the number of pieces to be delivered was never abrogated, a dismissal of the complaint at the close of plaintiff's case, on the ground that the Statute of Frauds though pleaded precluded a recovery, is error, and the judgment entered thereon will be reversed and a new trial granted

> The point that the contract was ineffective for want of mutuality cannot be raised for the first time on appeal from the judgment.

> A contention that since by the terms of the agreement the goods were to be delivered by defendants only as received from the mill and there being no proof that the pieces not delivered had been received by defendants, no cause of action was established, could not be urged for the first time on appeal though plaintiffs had testified that defendants repudiated the contract in its entirety, thus making it unnecessary to show the occurrence of the condition precedent.

APPEAL by plaintiffs from a dismissal of the complaint without prejudice at the close of plaintiffs' case in the Municipal Court of the city of New York, borough of Manhattan, third district.

Edward W. Drucker, for appellants.

Steinberg & Levin (Louis H. Levin, of counsel), for respondents.

Appellate Term, First Department, February, 1920. [Vol. 110.

BIJUR, J. Plaintiffs proved an agreement with defendants to purchase from the latter six pieces of goods, subsequently " modified " to cover only five pieces, and later only four pieces. Two had been delivered before any modification and were paid for after the final modification.

The complaint was dismissed, apparently on the ground that the Statute of Frauds, which had been appropriately pleaded, forbade a recovery.

Respondents' contention appears to be that since the part delivery was made prior to the modification it did not take the case out of the statute. Pers. Prop. Law, § 85. It is a sufficient answer to point out that the part delivery was made under the original contract which was never abrogated though modified.

Respondents rely also on cases relating to part *payment* under a contract, notably *Hunter* v. *Wetsel,* 84 N. Y. 549; S. C., on prior appeal, 57 id. 375. All that was held in those cases, however, was that since the Revised Statutes had changed the Statute of Frauds as enacted at the time of Charles II by requiring that the part payment " must be made *at the time* of making the contract " such part payment was not effective if made after the closing of the contract unless the essential terms of the contract were restated at the time of part payment. This, of course, has no relation to part delivery which never was required to be made *at the time* of making the contract. Moreover, the last amendment of the Statute of Frauds (§ 85 *supra*) has eliminated the requirement that the part payment must be made " at the time " of making the contract.

Respondents urge also that the contract testified to by plaintiffs was not effective for want of mutuality, namely, an agreement on the part of plaintiffs to pur-

chase. No such point was raised below, and will not, therefore, be regarded here.

They make the further contention that, since the terms of the agreement as testified to by plaintiffs were that the goods were to be delivered by defendants only as received from the mill, and there is no proof that the two pieces which were not delivered had been received by defendants from the mill, no cause of action was established. This point also was not suggested below. Apart from that consideration, however, appellants point out that plaintiffs had testified that the defendants repudiated the contract in its entirety, thus dispensing with the need of showing the occurrence of the condition precedent.

GUY and WAGNER, JJ., concur.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.