NATIONAL SURETY CO. *v.* BOARD OF SUPERVISORS OF
HOLMES COUNTY.

[81 South. 792, Division A, No. 20678.]

COUNTIES. *Suit in name of board of supervisors. Statutes.*
Boards of supervisors have had no uower to prosecute suits in
their own name since November 1, 1892, the date when the
former statute giving them this power was repealed. The
provisions of the statute, Code. 1906, Sections 309-310 (Heming-
way's Code, sections 3682-3683), that suit shall not be brought
by the county without the authority of the board of super-
visors," can in no view, be construed to mean that the board
shall have the power to sue in its own name.

APPEAL from the chancery court of Holmes county.
HON. A. Y. WOODWARD, Chancellor.

Suit by the Board of Supervisors of Holmes County
against the National Surety Company, and others. From
a decree *pro confesso* and final decree for complainant,
the surety company appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for
appellant.

*E. F. Noel* and *W. L. Dyer,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The board of supervisors of Holmes county as com-
plainant filed its bill, in its own name, against the ap-
pellant, National Surety Company, and others, seek-
ing to recover damages for breach of a contract to
build and construct certain highways in supervisors'
district No. 5 of said county. The bill of complaint pur-

ports to be for the benefit of the "improval highway district," of supervisors' district No. 5, in which the construction company failed to perform its contract in building said roads, the performance of which contract the appellant, National Surety Company, had guaranteed by its bond. Decree *pro confesso* and final were taken in favor of complainant, from which this appeal is prosecuted here.

Several serious questions are presented; but, inasmuch as a decision upon one ground will reverse the lower court and it appears probable the other questions will not arise again, we shall pass upon but one of the errors assigned by the appellant, and that is whether or not the board of supervisors of the county is without power to institute or maintain this suit in the name of the board. The complainant in the bill here being the board of supervisors of Holmes county for the benefit of a district therein, and not being a suit by the county, it must fail unless there be statutory authority, giving the board the power to sue by its name.

After a careful investigation of the statutes on that subject we have been unable to find any statute authorizing the board of supervisors to sue in its name for the benefit of a county or any part of a county. Such suit to enforce the rights of a county or any subdivision thereof cannot be brought in the name of the board of supervisors, but must be instituted in the name of the county. Sections 309, 310, Code of 1906 (sections 3682, 3683, Hemingway's Code).

Boards of supervisors were authorized by statute to sue and be sued by their name for about thirty-five years prior to the adoption of the Code of 1892, which annulled this power and authorized suits to be brought by and against the county by its name. The statute in the Code of 1892, authorizing the county to sue and be sued by its name, and thus abrogating the right of the board of supervisors to sue in its name under the former

statute, has been brought forward, and is found in the above-named sections of the Code of 1906. Therefore boards of supervisors have had no power to prosecute suits in their own name since November 1, 1892, the date when the former statute giving them this power was repealed. The provision of the statute that "suit shall not be brought by the county without the authority of the board of supervisors" can in no view be construed to mean that the board shall have the power to sue in its own name, for the very language of the statute itself shows the intent by implication that suits may be instituted in the name of the county only, "with the approval of the board of supervisors."

We have been unable to find any case raising the point here, since the adoption of the Code of 1892. At all events, board of supervisors have been without power to sue in their own name since November 1, 1892, and therefore the decree of the lower court is reversed, and the bill dismissed.

*Reversed and bill dismissed.*