SCOTTSBLUFF NATIONAL BANK, APPELLANT, v. JOHN H. PFEIFER ET AL., APPELLEES.

FILED NOVEMBER 21, 1930. No. 27434.

*Mothersead & York,* for appellant.

*J. L. Grimm, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

THOMPSON, J.

This is an appeal from a dismissal of an action commenced June 6, 1929, to recover a deficiency judgment under our foreclosure of real estate mortgage statutes. The Federal Land Bank of Omaha owned a first mortgage on certain lands of the Pfeifers in Scotts Bluff county, Nebraska, and the Scottsbluff National Bank owned a second mortgage executed by the same parties on such lands. The owner of the first mortgage instituted an action in the district court for such county to foreclose the same, making the Pfeifers and the Scottsbluff National Bank parties defendant. Such latter bank filed its answer and cross-bill seeking to foreclose in the same action its mortgage. At the trial, decree of foreclosure, order of sale of the lands, and application of the proceeds according to the above indicated priorities were entered. Sale was had, confirmed, and proceeds applied. After such application there remained due, unpaid and owing from the Pfeifers to the Scottsbluff National Bank, $1,665.91. Shortly thereafter the present suit was begun in the aforesaid court by such Scottsbluff National Bank against the Pfeifers as defendants, seeking a recovery of a deficiency judgment against them for the aforesaid sum of $1,665.91. The petition reflected as a basis for the action a history similar to that heretofore set out, and was in the usual form of an application for a deficiency judgment lodged in an original action after decree and sale were had, except the title. By proceedings duly had, however, an order of attachment and summons in garnishment was issued, and the same was served on the Platte Valley State Bank of Scottsbluff, which bank filed an affidavit of interpleader herein showing that it had in its hands $1,965 deposited in the name of the defendant Anna M. Pfeifer, but that each of such Pfeifers claimed an interest in the money. Thereafter on February 5, 1930, the Scottsbluff National Bank, hereinafter called appellant, filed a motion praying for an order of the court authorizing it to

maintain this action and upon such order being made to allow appellant to amend its petition showing that such authority had been obtained. The motion further stated that appellant was "willing that this action shall be tried either as a suit in equity as a continuation of the mortgage foreclosure proceeding mentioned in its petition herein, or as an action at law, as may be determined by the court, and does not insist that this action be tried as an action at law but is willing to try this action as a suit in equity without a jury."

On February 8, 1930, defendants Pfeifer, neither of whom had at that time been served with summons, as evidenced by the record, demurred to appellant's petition on the following grounds, in substance: First, the petition fails to state facts sufficient to constitute a cause of action; second, such petition does not show that a court order was ever obtained authorizing appellant to prosecute this action at law to recover the balance of the alleged mortgage debt remaining after the foreclosure of the mortgage securing the same. On February 8, 1930, the matter was submitted to the trial court on the motion of the appellant and the demurrer of the Pfeifers; the former being overruled by the court and the latter sustained. Plaintiff, appellant, elected to stand on the record, and judgment of dismissal of the action was entered; to reverse which it appeals. The defendants Pfeifer make no appearance in this court by way of brief or otherwise, although due and legal notice was issued and served on each of them.

It will be noticed that appellant's motion was lodged before the Pfeifers had been served with summons; further, that the appearance of the Pfeifers by demurrer was voluntary and general, thus the court had jurisdiction of the parties and the subject-matter and could hear and determine the action as one in equity, for, as we conclude, the motion of appellant, considered in connection with the petition, was equivalent to an application by it requesting that the present action (application for deficiency judgment) be treated as a continuation of the original foreclosure suit, and the trial court should have so ruled. If it

had so concluded it would have been clearly within our holding in *Bennett v. Winegar,* 103 Neb. 843, wherein we stated: "An application for a deficiency judgment that is treated as a continuation of the original mortgage foreclosure action does not come within the meaning of section 8257, Rev. St. 1913, which provides that such proceeding must first be authorized by the court."

It must be remembered that this state has reached a stage in its jurisprudence when mere technicalities are not ordinarily permitted to create a condition which would deny to a litigant a speedy and efficient determination of justiciable facts. The legislature must have had this thought in mind when it enacted section 8657, Comp. St. 1922, which provides: "The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In connection with what has been said herein we might add: The motion of appellant should have been decided at the time filed, if reasonably convenient. Then, continuing our observations, the petition was not vulnerable to the demurrer interposed, as the action reflected by such petition was, under this record, but a continuation of the original foreclosure suit, and not an independent action at law. Being such, it was not necessary that the appellant first obtain an order of court permitting the prosecution of the present action. Hence, section 9210, Comp. St. 1922, which provides: "After such petition (for foreclosure of a real estate mortgage) shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court," is without application.

The judgment of the trial court is set aside in its entirety, and the cause remanded, with directions to such trial court to sustain the motion of appellant, overrule the demurrer of defendants Pfeifer, enter an order directing that this pre-

sent action proceed as a continuation of the original fore-
closure suit, and grant the defendants Pfeifer time within
which they may plead.

REVERSED.