RAILWAY EMPLOYEES' DEPARTMENT OF AMERICAN FEDERATION OF LABOR et al. v. VIRGINIAN RY. CO.

Civil Action No. 123.

District Court, E. D. Virginia.

May 1, 1941.

Mulholland, Robie & McEwen, of Toledo, Ohio, and Moses Ehrenworth, of Norfolk, Va., for plaintiffs.

W. H. T. Loyall and W. C. Plunkett, Gen. Sol. Virginian Ry. Co., both of Norfolk, Va., for defendant.

WAY, District Judge.

The above entitled action is based upon the alleged failure and refusal of the Railway to recognize and treat with International Brotherhood of Electrical Workers, operating through the Railway Employees' Department of the American Federation of Labor, as the representative of the coal pier operators of the Railway, pursuant to authorization signed by the operators and to certification of the National Mediation Board dated March 7, 1939, in Mediation Board Case No. R–523. The principal purpose of the action is to compel the Railway to recognize and treat with said representative as the bargaining agent of the operators.

The complaint alleges that said coal pier operators of the Railway signed written authorizations designating the Brotherhood, functioning as aforesaid, as their duly authorized representative for the purposes of the Railway Labor Act, 45 U.S. C.A. § 151, et seq., and that said written authorizations were secured on or before January 20, 1939. The complaint further alleges that prior to January 20, 1939, a dispute had arisen among the coal pier operators as to their choice of a representative for them in collective bargaining and for the purposes of the Railway Labor Act, and that the defendant refused to recognize any person or organization as such representative; that on or about January 20, 1939, all of the coal pier operators signed and delivered to the Brotherhood said authorizations designating it as their choice of representative, and that pursuant to said written authorizations the Brotherhood became the duly and legally selected representative of the said coal pier operators and has been at all times since and now is such representative; that shortly after January 20, 1939, the plaintiff, as such representative, informed the Railway of the foregoing facts and requested the Railway to recognize the Brotherhood as such representative of the coal pier operators and that defendant, the Railway, failed to recognize the Brotherhood as such representative and has at all times since refused so to do.

The complaint further alleges that following the refusal of the defendant Railway to recognize the representative as the operators' choice, the representative invoked the services of the National Mediation Board to investigate the dispute; that the Board accepted jurisdiction of the case, and assigned one of its members to conduct an investigation; that the Mediator, so designated, investigated the dispute; that the written authorizations signed by all of the coal pier operators were delivered to said Mediator; that said Mediator requested the Railway, and the Railway refused the request, to make available a copy of its pay-roll records of the employees involved in order that their employment and occupational designations could be verified, and that the defendant refused to give said Mediator access to said records; that pursuant to the said investigation by the Mediator, his report upon the investigation and the evidence returned therewith, the Mediation Board found that the International Brotherhood of Electrical Workers, operating through the Railway Employees' Department of the American Federation of Labor, was the duly designated and authorized representative of the coal pier operators employed by the Railway for the purposes of the Railway Labor Act.

It is further alleged that on or about March 26, 1939, a conference was held between the representatives of the Railway and the representative of the plaintiff Brotherhood, at which the plaintiff Brotherhood was advised by the Railway representatives that the Railway would not recognize or accept the certification of the National Mediation Board, and that ever since March 26, 1939, the Railway has refused to recognize the plaintiff as the representative of the coal pier operators and has refused to confer with said representative for the purpose of negotiating an agreement covering rules and working conditions for the coal pier operators.

The Railway, through its counsel, has filed a motion to dismiss the complaint upon the following grounds:

"1. That according to the allegations in the complaint the International Brotherhood of Electrical Workers is the only organization alleged to have been designated as the representative of the employees whose rights or interests are alleged to be involved in this suit and by virtue thereof all the other plaintiffs named

can have no interest in the subject matter that would entitle them to be made parties hereto.

"2. That the complaint shows on its face there has at no time been a dispute as to representation of the employees involved and that consequently under the Railway Labor Act, 45 .U.S.C.A. Sec. 152 Ninth, there was no jurisdiction which the National Mediation Board could properly invoke to determine any question of representation pertaining to said employees, and that its attempted action in so doing and its certificate dated March 7th, 1939 in Case No. R-523. purporting to dispose of an alleged dispute were all wholly null, void and of no effect."

1. The certification of the National Mediation Board, after reciting the facts developed by its investigation, concludes as follows: "On the basis of these facts developed by the investigation the National Mediation Board hereby certifies that the International Brotherhood of Electrical Workers operating through the Railway Employes' Department of the American Federation of Labor has been duly designated and authorized to represent the Coal Pier Operators employed by the Virginian Railway Company for the purposes of the Railway Labor Act."

As will be noted from the above statement, the complaint alleges that the "plaintiff International Brotherhood of Electrical Workers, operating as aforesaid, is the duly and legally selected representative of certain employees of the Railway known as 'coal pier operators' by virtue of the freely expressed choice and by virtue of a certification of the National Mediation Board issued on or about March 7th, 1939, in its Case R–523."

Rule 17 of the Rules of Civil Procedure for the Federal Courts, 28 U.S.C.A. following section 723c, after providing how the capacity to sue or be sued in certain cases is to be determined, further provides: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

Section 6058 of the Code of Virginia provides: "Suits by and against unincor-porated associations or orders.—All unincorporated associations or orders may sue and be sued under the name by which they are commonly known and called, or under which they do business, and judgments and executions against any such association or order shall bind its real and personal property in like manner as if it were incorporated. Process against such association or order may be served on any officer or trustee of such association or order."

■ In view of these provisions of the Rules and the Virginia statute, the objection to B. M. Jewell, individually and as president, etc., J. M. Burns, individually and as secretary, etc., J. J. Duffy, individually and as vice-president, etc., and A. P. Wyatt, individually and as general chairman, etc., will be treated as a motion to drop said parties (Rule 21) and sustained, and the action hereafter may be prosecuted by and in the names of Railway Employes' Department of the American Federation of Labor, and International Brotherhood of Electrical Workers.

2. The motion to dismiss the complaint on the ground that the complaint shows on its face there has at no time been a dispute as to representation among the employees involved, and that in the absence of a dispute the National Mediation Board is without jurisdiction, will be overruled.

■ As the Court views the second ground to dismiss, even if all of the allegations with respect to the action of the Mediation Board are disregarded as a separate and distinct ground for relief, the complaint considered as a whole still shows that on or about January 20, 1939, the plaintiff Brotherhood became and was the duly and legally selected representative of the coal pier operators by virtue of the express choice of a majority of them and has been at all times since and now is such representative; that about that time the plaintiff informed the Railway of the facts and requested it to recognize such representative; and that this request was refused and is still refused by the Railway.

■ Under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., railway employees have the right to organize and to bargain collectively with the railway, through a representative of their own choosing, and after a representative of a class of craft is duly and legally chosen by the members thereof, the Act makes it the duty of the Railway to recognize such representative

and to treat with him. Virginian Railway Company v. System Federation No. 40, et al., 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; Id., 4 Cir., 84 F.2d 641. According to the allegations of the complaint, that right of the employees has been and still is ignored by the Railway.

For the foregoing reasons the motion to dismiss the complaint stated in the second ground will be overruled.

Counsel will prepare and present an order in accordance with the foregoing conclusions.