Eric R. MEYER, Plaintiff,

v.

LINCOLN POLICE DEPARTMENT, and the City of Lincoln, Nebraska, a Municipal Corporation, Defendants.

No. 8:04CV498.

United States District Court, D. Nebraska.

Dec. 14, 2004.

Joseph A. Wilkins, Knudsen, Berkheimer Law Firm, Lincoln, NE, for Plaintiff.

Tonya L. Skinner, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER

CAMP, District Judge.

This matter is before the Court on the Defendant Lincoln Police Department's Motion to Dismiss (Filing No. 4). The Lincoln Police Department ("LPD") and the Plaintiff Eric R. Meyer ("Meyer") have submitted briefs in support of their respective positions. For the reasons stated below, LPD's Motion to Dismiss will be granted.

Although LPD's motion and brief are captioned in reference to Fed.R.Civ.P. 12(b)(6), LPD actually invokes Fed. R.Civ.P. 12(b)(2)(lack of jurisdiction over the person) and 12(b)(5)(insufficiency of service of process). Meyer's Complaint alleges that LPD is a "person" subject to suit under § 701 of Title VII, 42 U.S.C. § 2000e, and Neb.Rev.Stat. § 48–1102. Both LPD and Meyers acknowledge that LPD has been named as a party defendant in prior actions where it has not objected, but both also acknowledge that neither this Court nor the U.S. Court of Appeals for the Eighth Circuit nor the Nebraska Supreme Court has ruled definitively on the question of whether an agency of a political subdivision is subject to suit over its objection. (Filing Nos. 5 and 8).

Fed.R.Civ.P. 17(b) provides that the capacity of an entity, other than an individual or corporation, to sue or be sued shall be determined by the law of the state in which the district court is held. Neb. Const. art. XI, §§ 2 and 5, provide for the adoption or ratification of charters by cities within Nebraska. Neb. Rev. Stat § 15–201(1)(1997) allows cities of the primary class to sue and be sued. This Court takes judicial notice of the fact that Lincoln is a city of the primary class under Neb.Rev.Stat. § 15–101 (1997), having more than one hundred thousand and fewer than three hundred thousand inhabitants. No similar constitutional or statu-

tory provisions exist with respect to departments of municipalities, such as city police departments.

Fed.R.Civ.P. 4(j)(2) provides:

(2) Service upon a state, municipal corporation or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Neb. Rev. Stat § 25–510.02(2) and (3)(1995) provides:

(2) Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

(3) Any political subdivision of this state, as defined in subdivision (1) of section 13–903, other than a county, city, or village, may be served by personal, residence, or certified mail service upon the chief executive officer, clerk, secretary, or other official whose duty it is to maintain the official records, or any member of the governing board or body, or by certified mail service to the principal office of the political subdivision.

Neb.Rev.Stat. § 13–903(1)(2) and (3)(Cum.Supp.2002) provides:

(1) Political subdivision shall include villages, cities of all classes, counties, school districts, public power districts, and all other units of local government, including entities created by local public agencies pursuant to the Interlocal Cooperation Act or Joint Public Agency Act. Political subdivision shall not be construed to include any contractor with a political subdivision;

(2) Governing body shall mean the village board of a village, the city council of a city, the board of commissioners or board of supervisors of a county, the board of directors of a public power district, the governing board or other governing body of an entity created by local public agencies pursuant to the Interlocal Cooperation Act or Joint Public Agency Act, and any duly elected or appointed body holding the power and authority to determine the appropriations and expenditures of any other unit of local government;

(3) Employee of a political subdivision shall mean any one or more officers or employees of the political subdivision or any agency of the subdivision . . . .

Although one might argue that police departments are "units of local government" subject to suit and service of process as political subdivisions, it is clear that the Nebraska Legislature defined "political subdivisions" as those units of local government having "governing bodies" with the power and authority to appropriate funds and to make expenditures. One can also draw a strong inference from subsection (3) of § 13–903 that an "agency of the subdivision" is not itself the "political subdivision" subject to suit and service of process. Because this Court has no basis to infer that LPD has any elected or appointed governing body with the authority to make appropriations and expenditures, other than the City Council of the City of Lincoln, and because it is clear that LPD is an agency *of* a political subdivision, *i.e.,* the City of Lincoln, the Court concludes that it has no separate legal status under Nebraska law.

Further guidance may be gleaned from two published decisions from this district. In *Bruhn v. Foley,* 824 F.Supp. 1345 (D.Neb.1993), the court found that the Box Butte County Weed Board was not an entity subject to suit under Nebraska law, and, therefore, was not a proper defendant

in an employment discrimination action brought in federal court, despite the county's acquiescence to the suit. *Id.* at 1351, n. 16. In *Stevenson v. Richardson County,* 9 F.R.D. 437 (D.Neb.1949), the court said: "One who claims the statutory right to institute suit against a [political subdivision] must ... strictly observe the statute and bring himself and his action within its grant." *Id.* at 440. The court acknowledged that valid judgments may have been sustained against Nebraska political subdivisions improperly named by a plaintiff when the political subdivision did not move to dismiss or otherwise object, but the court noted that once such an objection is raised the suit cannot proceed without strict compliance. *Id.* at 449. Accordingly, Meyer's reliance on *Ways v. City of Lincoln,* 871 F.2d 750 (8th Cir.1989), in which both the City of Lincoln and LPD were named as defendants, provides little support for Meyer's position, because LPD raised no objection to its designation as a party in that case. Unpublished decisions by the undersigned judge dismissed agencies of Nebraska political subdivisions as parties defendant, once objection was raised on behalf of the agency, See, *e.g., Rivera v. Sarpy County Sheriff's Dept.,* 8:01cv3285 (Jan. 6, 2003); and *Hussein v. City of Omaha,* 8:04cv268 (August 2, 2004).

Meyer has effected service of process on the City of Lincoln, and the City has entered its appearance. (Filing No. 6). Meyer states that the dismissal of LPD as a party "will mean very little to the merits of the case and this motion consumes the court's resources without reason." (Filing No. 8, p. 2). While the Court appreciates Meyer's expression of concern for the Court's limited resources, Meyer opposed LPD's motion, and so the Court must address it. Regardless, the Court does not consider the issuance of this Order to be a wholly academic exercise. A ruling on the issue raised in LPD's motion may reduce the future issuance and service of improp-

er or redundant summonses, and the resulting confusion, delay, and expense caused by the naming of improper parties.

IT IS ORDERED:

1. The Defendant Lincoln Police Department's Motion to Dismiss (Filing No. 4) is granted;

2. The Lincoln Police Department is dismissed as a party to this action, and the caption shall be revised accordingly; and

3. The Defendant City of Lincoln shall respond to the Plaintiff's Complaint within ten business days of the date of this Order.